```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

RONNIE JAMES,                    :

    Petitioner,              :

v.                               :
                                        CIVIL ACTION 05-0664-BH-M
KENNETH L. JONES,                :

    Respondent.              :


REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 26, and Rule 8 of the Rules Governing Section 2254 Cases.

Petitioner was convicted of manslaughter in the Circuit Court of Escambia County on June 12, 2002 and received a sentence of life in the state penitentiary (Doc. 1, pp. 1-2; Doc. 23, p. 1). Appeal was made to the Court of Criminal Appeals of Alabama which affirmed on August 22, 2003 (Doc. 1, p. 3; Doc. 23, p. 3); the Alabama Supreme Court denied *certiorari* on December 12, 2003 (Doc. 1, p. 4; Doc. 23, p. 3). James has also filed two State Rule 32 petitions, the second of which still has claims pending before the Alabama Supreme Court (Doc. 1, pp. 4-6; Doc. 23, pp. 3-10). Petitioner filed a federal habeas petition which this Court received on November 14, 2005, raising, what appears to be, the claims he raised on direct appeal and in his first and second

State Rule 32 petitions (*see* Doc. 1).

Respondent has noted in his Answer that Petitioner has raised claims in this Court that have not yet been exhausted in the State Courts (Doc. 23, pp. 16-19). Specifically, the claims raised in James's second Rule 32 petition are still pending before the Alabama Supreme Court (*id.*). James admits in his federal petition that he has claims pending before the Alabama Supreme Court (Doc. 1, pp. 5-6). As Petitioner has stated claims in this Court which are ready for review, but has also raised claims not yet exhausted in the State Courts, he has a mixed petition. *See Rose v. Lundy*, 455 U.S. 509 (1982).

As Petitioner has filed a mixed petition, *i.e.*, a petition which has both exhausted and non-exhausted claims, he has the option of amending his complaint and pursuing the exhausted claims,[1] or requesting that the petition be dismissed without prejudice so that he may pursue his state remedies before refiling a habeas petition in this court. *Rose v. Lundy*, 455 U.S. 509 (1982).

Therefore, it is recommended that this action be dismissed without prejudice so that Petitioner may pursue the unexhausted claims before the Alabama Supreme Court. Petitioner may refile a

---

[1] Petitioner should bear in mind that Rule 9 of the Rules Governing Habeas Corpus Cases under Section 2254 states the following: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

habeas action in this Court once he has pursued all available remedies in the State courts.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

>      A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

3

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

     DONE this 15th day of March, 2006.


                                            s/BERT W. MILLING, JR.
                                            UNITED STATES MAGISTRATE JUDGE